**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **VICTORIA OLIVER,**<br><br>Plaintiff,<br><br>v.<br><br>**TRUEACCORD CORP,**<br><br>Defendant. | CASE NO. ______________________<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, VICTORIA OLIVER ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant TRUEACCORD CORP ("TrueAccord"), and states as follows:

**INTRODUCTION**

1. This is a civil action for actual damages, statutory damages, costs, and attorney's fees brought by Plaintiff, an individual consumer, against Defendant TrueAccord for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

3. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in Fulton County, Georgia, and because a substantial part of the

events and omissions giving rise to Plaintiff's claim — including the transmission and receipt of the unlawful communication at issue — occurred within this District.

4. TrueAccord is subject to the personal jurisdiction of this Court because it regularly transacts business in the State of Georgia by attempting to collect consumer debts from Georgia residents, and because it purposefully directed the communications at issue into this District.

**PARTIES**

5. Plaintiff Victoria Oliver is a natural person residing in Fulton County, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant TrueAccord Corp is a corporation with a principal place of business located at 16011 College Boulevard, Suite 130, Lenexa, Kansas 66219, and which further maintains an office at 1776 South Jackson Street, Suite 900, Denver, Colorado 80210. TrueAccord may be served through its registered agent, Incorp Services Inc. **9040 Roswell Road, Suite 500, Atlanta, GA, 30350, USA**

8. TrueAccord regularly attempts to collect debts alleged to be owed or due to another, using the mails, electronic mail, and other instrumentalities of interstate commerce, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. TrueAccord's status as a debt collector is confirmed by its own correspondence to Plaintiff, which states that TrueAccord is a debt collection agency, that its communications are

attempts to collect a debt, and that it is "a third party collections agency, working on behalf of Comcast."

10. TrueAccord is a licensed and sophisticated debt collection enterprise. Its own disclosures identify it as licensed by the California Department of Financial Protection and Innovation under license number 10526-99, by the New York City Department of Consumer Affairs under license number 2002185-DCA, by the State of North Carolina under permit number 113973, and by the Collection Service Board of the Tennessee Department of Commerce and Insurance. TrueAccord is therefore fully familiar with, and subject to, the requirements of the FDCPA.

11. The obligation TrueAccord sought to collect from Plaintiff — an alleged balance owed to Comcast arising from consumer cable, internet, and related residential services — is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), in that it arises out of a transaction entered into primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, TrueAccord attempted to collect from Plaintiff an alleged debt in the amount of $242.26, which TrueAccord represented was owed to Comcast.

13. TrueAccord conducted its collection efforts against Plaintiff by electronic mail, directed to Plaintiff's personal electronic mail address and routed through TrueAccord's designated consumer support address, support@trueaccord.com.

14. On July 10, 2026, Plaintiff transmitted a written communication to TrueAccord at support@trueaccord.com stating, in unequivocal terms: "I refuse to pay any debts you have

associated with my name." A true and correct copy of the electronic mail correspondence is attached hereto as Exhibit A.

15. Plaintiff's July 10, 2026 communication constituted written notification that Plaintiff refuses to pay the alleged debt within the meaning of 15 U.S.C. § 1692c(c).

16. Plaintiff's July 10, 2026 communication was a refusal to pay. It was not a dispute as to the validity of the alleged debt, and Plaintiff does not plead it as such.

17. TrueAccord received Plaintiff's written refusal to pay. TrueAccord's own systems generated and updated support request number 6925935 in response to that communication, and TrueAccord's representative replied to Plaintiff within the same electronic mail thread. Receipt is therefore established by TrueAccord's own records.

18. Electronic mail is a medium of communication through which a consumer may effectively transmit a notification of refusal to pay, and a debt collector that itself elects to communicate with a consumer through a given medium must honor a notification transmitted through that same medium. *See* 12 C.F.R. § 1006.6(c). TrueAccord solicited and used electronic mail as its principal channel of communication with Plaintiff.

19. Notwithstanding Plaintiff's written refusal to pay, on July 15, 2026 at 4:46 p.m. CDT — five days after Plaintiff's refusal — a TrueAccord representative identified as "Ana (TrueAccord)" transmitted a further communication to Plaintiff concerning the same alleged debt.

20. The July 15, 2026 communication solicited payment of the alleged debt. It stated that TrueAccord is "a third party collections agency, working on behalf of Comcast to help

collect on this outstanding balance," and that TrueAccord was "happy to work with you to get this account resolved for the outstanding $242.26."

21. The July 15, 2026 communication further reiterated TrueAccord's standard collection disclosures, including that TrueAccord is a debt collection agency and that the communication was an attempt to collect a debt.

22. The July 15, 2026 communication fell within none of the three exceptions enumerated at 15 U.S.C. § 1692c(c):

   a. It did not advise Plaintiff that TrueAccord's further efforts to collect the alleged debt were being terminated. To the contrary, it invited Plaintiff's continued engagement toward "resolv[ing]" the account;

   b. It did not notify Plaintiff that TrueAccord or Comcast may invoke a specified remedy ordinarily invoked by TrueAccord or Comcast; and

   c. It did not notify Plaintiff that TrueAccord or Comcast intended to invoke a specified remedy.

23. The July 15, 2026 communication was instead a renewed attempt to collect the very debt that Plaintiff had refused in writing to pay.

24. TrueAccord's conduct was not the product of a bona fide error within the meaning of 15 U.S.C. § 1692k(c). TrueAccord's own systems logged and processed Plaintiff's refusal under request number 6925935 before the July 15, 2026 communication issued, and that

communication was authored by a human representative responding directly within the same message thread in which the refusal had been received.

25. The FDCPA's cease-communication provision exists precisely to spare consumers the distress and intrusion of continued collection contact after the consumer has said, in writing, that the consumer will not pay. TrueAccord disregarded that protection.

26. As a direct and proximate result of TrueAccord's conduct, Plaintiff suffered emotional distress, anxiety, frustration, humiliation, and an invasion of privacy, and expended time and effort responding to and defending against unlawful collection activity, including time expended in retaining counsel.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692c(c)

27. Plaintiff realleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

28. Section 1692c(c) of the FDCPA provides that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector shall not communicate further with the consumer with respect to such debt, subject only to three narrowly enumerated exceptions.

29. Plaintiff provided TrueAccord with written notification of Plaintiff's refusal to pay the alleged debt on July 10, 2026, and TrueAccord received that notification.

30. TrueAccord violated 15 U.S.C. § 1692c(c) by communicating further with Plaintiff with respect to the same alleged debt on July 15, 2026, in a communication satisfying none of the three statutory exceptions.

31. Liability under 15 U.S.C. § 1692c(c) is strict. The provision contains no scienter requirement, and a single prohibited communication is sufficient to establish a violation.

32. TrueAccord's violations caused Plaintiff actual damages, including emotional distress, mental anguish, invasion of privacy, and loss of time.

33. TrueAccord is therefore liable to Plaintiff pursuant to 15 U.S.C. § 1692k for Plaintiff's actual damages, statutory damages of up to $1,000.00, and costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Victoria Oliver respectfully requests that this Court enter judgment against Defendant TrueAccord Corp, awarding Plaintiff the following relief:

a. A declaration that TrueAccord's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.;

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Statutory damages of up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 16th August 16, 2026

Respectfully submitted,

***/s/ Esther Oise***
**Esther Oise, Esq.**
Georgia Bar No. 686342
OISE LAW GROUP, P.C.
2635 Governors Walk Blvd
Snellville, GA 30039
Tel: (770) 895-3736
Fax: (980) 265-8981
oiselaw@gmail.com

*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A. Electronic mail correspondence between Plaintiff and TrueAccord Corp, including Plaintiff's July 10, 2026 written refusal to pay and TrueAccord's July 15, 2026 communication (Request No. 6925935).